**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| WINVIEW INC., <br><br>               Plaintiff, <br><br>    v. <br><br> DRAFTKINGS INC., a Nevada corporation, DRAFTKINGS INC., a Delaware corporation, and CROWN GAMING INC., a Delaware corporation, <br><br>               Defendants. | Civil Action No. 21-13405 (ZNQ) (DEA) <br><br> Motion Day:  February 7, 2022 <br><br> **ORAL ARGUMENT REQUESTED** |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO**
**DISMISS SECOND AMENDED COMPLAINT**

James E. Cecchi, Esq.
Lindsey H. Taylor, Esq.
CARELLA, BYRNE, CECCHI,
   OLSTEIN, BRODY &
   AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ  07068
Tel:   (973) 994-1700
Fax:   (973) 994-1744

William F. Lee, Esq.
Joseph J. Mueller, Esq.
Richard Goldenberg, Esq.
Andrew S. Dulberg, Esq.
Stephanie Neely, Esq.
Zachary A. Nemtzow, Esq.
Lucas L. Fortier, Esq.
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
Fax: (617) 526-5000

*Attorneys for Defendants*

**TABLE OF CONTENTS**

Page

I.      WinView Must State A Plausible Claim ...........................................................................1

II.     WinView Does Not Plausibly Plead Direct Infringement Of The '730 Patent ....................2

III.    WinView Does Not Plausibly Plead Direct Infringement Of The '543 Patent ...................5

IV.     WinView's Allegations Of Willful Infringement Are Implausible .....................................6

V.      WinView Fails To Allege Induced Infringement ................................................................9

VI.     WinView's Contributory Infringement Claims Fail..........................................................10

VII.    DraftKings Is Entitled To Dismissal With Prejudice.........................................................11

CONCLUSION...................................................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Batinkoff v. Church & Dwight Co.*, 2020 WL 1527957 (D.N.J. Mar. 31, 2020)............................7

*Blue Spike LLC v. Comcast Cable Commc'ns, LLC*, 2019 WL 4242930 (D. Del.
    Sept. 6, 2019) ...........................................................................................................3

*Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342 (Fed. Cir. 2021) ............................................2, 5

*Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260
    (M.D. Fla. 2012) ....................................................................................................10

*Callwave Commc'ns LLC v. AT & T Mobility LLC*, 2014 WL 5363741 (D. Del.
    Jan. 28, 2014)..........................................................................................................8

*CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*, 404 F. Supp. 3d 842 (D.
    Del. 2019) ................................................................................................................8

*Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) .........................................................10

*DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465 (D. Del. 2016) .......................................7

*DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*, 2020 WL 2220031 (D. Del.
    May 7, 2020)............................................................................................................3

*Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, 2020 WL 4365809 (D. Del.
    July 30, 2020)........................................................................................................10

*Evolved Wireless, LLC v. Samsung Elecs. Co.*, 2016 WL 1019667 (D. Del. Mar.
    15, 2016) .............................................................................................................9, 11

*Express Mobile, Inc. v. DreamHost LLC*, 2019 WL 2514418 (D. Del. June 18,
    2019) ........................................................................................................................8

*ID Image Sensing LLC v. OmniVision Techs., Inc.*, 2020 WL 6888270 (D. Del.
    Nov. 24, 2020) ......................................................................................................10

*Intellectual Pixels Ltd. v. Sony Interactive Entertainment LLC*, 2020 WL 7872961
    (C.D. Cal. Nov. 20, 2020)...................................................................................7, 9

*In re Bill of Lading*, 681 F.3d 1323 (Fed. Cir. 2012)....................................................................2

*IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 330515 (D. Del. Jan. 25,
    2019) ........................................................................................................................7

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013) ...............................................................................................................2

*Koninklijke Philips N.V. v. IdeaVillage Prods. Corp.*, 2021 WL 4438185 (D.N.J. Sept. 27, 2021) ......................................................................................................1

*Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, 2018 WL 834583 (D. Del. Feb. 12, 2018) ..............................................................................................................7

*Malvern Panalytical Ltd. v. TA Instruments-Waters LLC*, 2021 WL 3856145 (D. Del. Aug. 27, 2021)..................................................................................................8

*N. Star Innovations, Inc. v. Micron Tech., Inc.*, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ......................................................................................................2, 5

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 2019 WL 5626647 (D. Del. Oct. 31, 2019) ............................................................................................................6

*NovaPlast Corp. v. Inplant, LLC*, 2021 WL 389386 (D.N.J. Feb. 3, 2021) ....................................5

*NovaPlast Corp. v. Inplant, LLC*, 2021 WL 5770264 (D.N.J. Dec. 6, 2021)................................7

*Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ......................10

*Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005 (D.N.J. 2016).......................................1

*Sabinsa Corporation v. Olive Lifesciences Pvt Ltd*, 2018 WL 11355086 (D.N.J. May 30, 2018).........................................................................................................9

*Select Retrieval, LLC v. Bulbs.com Inc.*, 2012 WL 6045942 (D. Mass. Dec. 4, 2012) .............................................................................................................10

*Slot Speaker Techs., Inc. v. Apple, Inc.*, 2017 WL 4354999 (N.D. Cal. Sept. 29, 2017) ..............................................................................................................8

*Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, 2014 WL 3345618 (D.N.J. July 7, 2014).........................................................................................................9

*University of Massachusetts Medical School v L'Oréal S.A.*, 2018 WL 5919745 (D. Del. Nov. 13, 2018) ...............................................................................6, 7

*Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218 (D. Del. May 29, 2018).................................................................................................6, 8

*Vicente v. DePuy Synthes Cos.*, 2021 WL 5150196 (D.N.J. Nov. 5, 2021) .................................11

*VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468 (D. Del. Mar. 26, 2019) ...............................10

*Wi-Lan USA, Inc. v. Rsch. in Motion Ltd.*, 2013 WL 12092486 (S.D. Fla. June 7, 2013) ........................................................................................................................10

*ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247 (D. Del. 2021) ..................8, 10

*Zipit Wireless, Inc. v. LG Elecs. U.S.A., Inc.*, 2022 WL 170864 (D.N.J. Jan. 18, 2022) ..........................................................................................................................1

**STATUTES**

35 U.S.C. § 271(c) ........................................................................................................................11

In seeking to defend its third attempt to state a claim for patent infringement, WinView repeatedly understates the controlling legal standards and overstates the allegations of its Second Amended Complaint ("SAC"). The question for this Court is *not* whether WinView has put DraftKings on "notice" of its claims, but whether the Complaint plausibly pleads direct infringement of the '730 and '543 patents, willful and knowing infringement of all four asserted patents, specific intent to induce infringement, and contributory infringement. It does not. The allegation that DraftKings practices the stale technology purportedly invented by WinView— offering solutions to problems that pre-date the modern smartphone—falls short. The SAC should be dismissed.

## I.      WinView Must State A Plausible Claim

At times, WinView acknowledges that the law of the land requires a complaint to assert claims that are "plausible" in order to state a claim upon which relief may be granted. Opp'n at 4 ("A Complaint Is Sufficient When It States A Plausible Claim"), 14 ("the inquiry is simply whether WinView has alleged enough facts to plausibly suggest infringement"). This concession belies WinView's repeated suggestion that its only obligation is to put DraftKings on "notice" of its claims. *See, e.g.*, Opp'n at 1 (referring to "notice pleading"), 6-7 (referring to "notice" five times).

Notice pleading is not the standard, even in cases of patent infringement. *See, e.g.*, *Zipit Wireless, Inc. v. LG Elecs. U.S.A., Inc.*, 2022 WL 170864, at *2 (D.N.J. Jan. 18, 2022) ("the *Iqbal/Twombly* pleading standard applies in all civil cases"); *Koninklijke Philips N.V. v. IdeaVillage Prods. Corp.*, 2021 WL 4438185, at *6 (D.N.J. Sept. 27, 2021) ("the *Iqbal/Twombly* standard applies to complaints alleging patent infringement"); *Robern, Inc. v. Glasscrafters, Inc.*, 206 F. Supp. 3d 1005, 1007–12 (D.N.J. 2016) ("the *Iqbal/Twombly* standard controls"). To stave

off dismissal, WinView has embraced the wrong legal standard.[1]

As the Federal Circuit explained in the *Bot M8* case, "a plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with **sufficient factual content**," including factual allegations that "articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352–53 (Fed. Cir. 2021) (emphasis added).  While WinView argues that the law does not require it to plead infringement "on an element-by-element basis" (Opp'n at 6), the Federal Circuit has held that "mere recitation of claim elements and corresponding conclusions, without supporting factual allegations, is insufficient to satisfy the *Iqbal/Twombly* standard." *Bot M8 LLC*, 4 F.4th at 1355.

## II.      WinView Does Not Plausibly Plead Direct Infringement Of The '730 Patent

In moving to dismiss, DraftKings explained that WinView failed plausibly to plead that DraftKings practices two key limitations of the '730 Patent:  communicating with a plurality of Internet-connected devices "grouped into a cohort," and sending a lockout signal at an appropriate time "based on an amount of delay."  Br. at 5.  WinView's response only confirms the deficiency of its allegations.  First, it says that the asserted claim is "an apparatus claim, not a method claim." Opp'n at 10.  But even apparatus claims must be adequately alleged.  *N. Star Innovations, Inc. v. Micron Tech., Inc.*, 2017 WL 5501489, at *1 (D. Del. Nov. 16, 2017) ("In order to adequately allege direct infringement here, Plaintiff needs to have pleaded facts that plausibly indicate that Defendant's accused products practice each of the limitations found in the two asserted claims

---

[1]      WinView's citation to *Nalco* (Opp'n at 6) quotes the *Bill of Lading* case, which applied the now-obsolete pleading standard associated with Form 18, a sample Complaint for Patent Infringement appended to the Rules of Civil Procedure that was abrogated in 2015.  *See In re Bill of Lading*, 681 F.3d 1323, 1334–35 (Fed. Cir. 2012) (applying "the specificity required by Form 18," and referring to *Iqbal* and *Twombly* as setting forth "a pleading standard that is too stringent").  Similarly, WinView's quote from *Lifetime Industries* (Opp'n at 6) is, itself, a quote from an older case that also addresses the "Form 18 pleading standard."  *See generally K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013).

2

(which, here, are apparatus claims).”), *report & recommendation adopted*, 2018 WL 11182741 (D. Del. Jan. 3, 2018).   Claim 1 of the '730 Patent requires an application “configured for communicating with . . . devices ***grouped into a cohort.***”   WinView does not supply facts plausibly supporting the conclusion that DraftKings' Sportsbook is configured in that manner.

All WinView offers is that some DraftKings users can bet on the Yankees game while others, at the same time, can bet on a tennis tournament.   Opp'n at 9.   That is true, but it does not plausibly indicate that Sportsbook has been configured to communicate with devices “grouped into a cohort.”   WinView explains that “such a grouping can facilitate delivery of the same information to such users,” which is “particularly useful when the information is being updated dynamically.”   Opp'n at 10.   The question is not whether the claims of the patent are “useful”; it is whether the SAC plausibly alleges that DraftKings actually practices those claims.

WinView misses the mark when it suggests that DraftKings is making a “premature claim construction argument.”   Opp'n at 11.   DraftKings' argument does not turn on any particular meaning of “grouped” or “cohort.”   Whatever “grouped into a cohort” means, the SAC does not offer facts to support the claim that DraftKings practices the limitation.   Instead, it parrots the language of the claim “on information and belief.”   *See* SAC ¶ 93 (“On information and belief, the Internet-connected devices accessing the same particular content (e.g., a particular sporting event) at a given time are grouped into a cohort[.]”).   This is not enough.   *DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*, 2020 WL 2220031, at \*2 (D. Del. May 7, 2020) (dismissing direct infringement claims where “the complaint largely parrots back the language of the respective claim elements and then states that the accused product meets those limitations”) (cleaned up), *report & recommendation adopted*, 2020 WL 6867103 (D. Del. Nov. 23, 2020); *Blue Spike LLC v. Comcast Cable Commc'ns, LLC*, 2019 WL 4242930, at \*3 n.6 (D. Del. Sept. 6, 2019) (dismissing claims

3

of patent infringement asserted "upon information and belief" for failing to satisfy the pleading standard), *report & recommendation adopted*, 2019 WL 11027620 (D. Del. Nov. 5, 2019).

WinView's argument that it has plausibly pled that DraftKings' Sportsbook sends "a lockout signal at an appropriate time based on an amount of delay" fares no better. Multiple times, WinView invokes its allegation that "the odds for a particular betting proposition will be grayed out, indicating that users are prevented from submitting a response on that proposition," and boasts that it has supplied "screenshots, which themselves provide further facts." Opp'n at 11-12. The screenshots show nothing other than the "grayed out" betting proposition. None of this plausibly suggests that the "lockout signal" is sent "based on an amount of delay." The SAC's refrain that, "[o]n information and belief, this lockout signal is sent at a time based on, for example, an amount of broadcast delay" reflects an assumption unsupported by any well-pleaded fact. In short, even if WinView adequately alleges a "lockout signal," it still stops short of alleging that such a signal is "based on an amount of delay," as the claims require.[2]

Nor is DraftKings suggesting that WinView needed to plead that it had undertaken "testing" to support its claims. Opp'n at 13-14. DraftKings' only point is that given how easy it would be to ascertain whether, in fact, the feature that WinView claims is a "lockout signal" is sent "based on an amount of delay," WinView's failure to allege any fact at all supporting that limitation highlights the implausibility of its allegation. Again, DraftKings is not making an argument about claim construction: as long as "based on an amount of delay" means *something*, WinView has failed to supply any facts supporting the inference that DraftKings practices it.

---

[2] WinView's insistence that it has supplied "concrete examples for each claim element" (Opp'n at 16) is flatly wrong; the only example it provides relating to the "lockout signal" is a gray box, which says nothing about whether that box is sent "based on an amount of delay."

### III.   WinView Does Not Plausibly Plead Direct Infringement Of The '543 Patent

In moving to dismiss, DraftKings explained that WinView had failed plausibly to plead that DraftKings practices two of the four limitations in the body of claim 1 of the '543 patent, which relate to "downloading" information from a server and "executing an application."  Br. at 10-13.  In response, WinView says it is not required to "prove its case" at the pleading stage. Opp'n at 18-19.  That is true, but it must nevertheless plead "factual allegations" that make it "plausible that the accused product infringes the patent claim."  *Bot M8 LLC*, 4 F.4th at 1353. While it accuses DraftKings of "downloading" content and "executing an application," those verbs are little more than labels and conclusions.  Accordingly, WinView retreats to its position that notice pleading is all that is required.  Opp'n at 20 (arguing that SAC is sufficient because it "directs DraftKings to infringing functionality and provides reasonable notice of WinView's allegations").[3]  The law requires more.  *See supra* § I.

"There needs to be some facts alleged that articulate why it is plausible that the other party's product infringes that patent claim."  *N. Star Innovations, Inc. v. Micron Tech., Inc.*, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017), *report & recommendation adopted*, 2018 WL 11182741 (D. Del. Jan. 3, 2018).  The SAC does not offer those facts.  It offers, instead, meager allegations "on information and belief" and screenshots that show neither content downloading nor applications executing.  Fighting a strawman, WinView laments that DraftKings is "seeking to address claim construction" and demanding "the equivalent of expert reports at the pleading stage."  Opp'n at 20-21.  All DraftKings is seeking is a factual basis for the allegations that its products infringe specific claims found in patents that were designed to solve problems that existed before the advent of the modern smartphone.  Not surprisingly, WinView cannot provide them.

---

[3] The *Nasdaq* case WinView cites has been called into question by more recent case law from this District.  *See NovaPlast Corp. v. Inplant, LLC*, 2021 WL 389386, at *7 (D.N.J. Feb. 3, 2021).

**IV.     WinView's Allegations Of Willful Infringement Are Implausible**

As WinView concedes, knowledge of the Patents-In-Suit is not enough to plead willful

infringement:  a plaintiff must allege facts plausibly showing that the defendant knew, or should

have known, that its conduct amounted to infringement.  Opp'n at 21-22; *see also Välinge*

*Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *13 (D. Del. May 29, 2018),

*report & recommendation adopted*, 2018 WL 11013901 (D. Del. Nov. 6, 2018).

WinView's allegations do not come close.  With respect to knowledge of the patents,

WinView alleges that it "provided DraftKings with materials identifying" the '243 Patent, the '730

Patent, and the ***applications*** that led to the '988 and '543 patents.  SAC ¶ 65.  But WinView does

not dispute that knowledge of a patent application alone is insufficient to allege knowledge of a

subsequently issued patent.  *See, e.g.*, *NexStep, Inc. v. Comcast Cable Commc'ns*, *LLC,* 2019 WL

5626647, at *3 (D. Del. Oct. 31, 2019), *report & recommendation adopted*, 2019 WL 11663798

(D. Del. Nov. 15, 2019).  Instead, it suggests that DraftKings must have known about the issued

patents because, at one point, it requested and received information about WinView's patents and

patent applications, and, later, ***WinView*** "pursued discussions" with DraftKings.  Opp'n at 25.

This is illogical.  The SAC alleges that DraftKings requested a list of WinView's patents before

the '543 and '988 patents issued, and that DraftKings "declined to participate" in discussions with

WinView that took place after the patents issued.  SAC ¶¶ 65-66.  Neither constitutes a basis for

DraftKings to know about the '543 and '988 patents.  WinView sole case on this issue does not

avail it:  in *University of Massachusetts Medical School v. L'Oreal S.A.*, the defendant contacted

the plaintiff about obtaining a license to the patent after it issued.  2018 WL 5919745, at *9 (D.

Del. Nov. 13, 2018), *report & recommendation adopted*, 2019 WL 2151701 (D. Del. May 17,

2019).  That is a radically different fact pattern.[4]

As for knowledge of infringement, while WinView focuses on multiple communications between the parties (Opp'n at 22-24), it fails to allege any communication that related to possible patent infringement, let alone infringement of the Asserted Patents.  SAC ¶ 64-66.  Meanwhile, the cases WinView cites undermine its case rather than helping it:  each was either dismissed for failing to plead willful infringement,[5] or involved communications between the parties related to potential infringement of the patents-in-suit.[6]  The only conclusion one can draw from WinView's cases is that it takes more than WinView has pled to state a plausible claim for willful infringement.

WinView's attempts to distinguish DraftKings' cases are unavailing.  The *Batinkoff* court recited the correct legal standard (*Batinkoff v. Church & Dwight Co.*, 2020 WL 1527957 at *18 (D.N.J. Mar. 31, 2020)), and appropriately dismissed a willful infringement claim even though the complaint alleged that the defendant discussed the patent-in-suit with plaintiffs and cited the application for the patent-in-suit in his patent application that served as the basis for the accused products.  As for *Malvern*, WinView's suggestion that the allegations were insufficient because they pled merely "general competitive monitoring" (Opp'n at 26) are incompatible with the

---

[4] WinView also fails meaningfully to distinguish the cases DraftKings cited.  For instance, in *Intellectual Pixels Ltd. v. Sony Interactive Entertainment LLC*, the court found no knowledge of the patent-in-suit despite plaintiff's allegations that defendant "monitored [plaintiff's] patent filings, including the application that issued as the" patent in suit.  2020 WL 7872961, at *2 (C.D. Cal. Nov. 20, 2020).  Here, WinView has not alleged monitoring at all.

[5] *See DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 473 (D. Del. 2016) (dismissing willful infringement claims for lack of knowledge of the asserted patent); *IOENGINE, LLC v. PayPal Holdings, Inc.*, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019) (dismissing willful infringement claims for failure to sufficiently plead knowledge of infringement).

[6] *NovaPlast Corp. v. Inplant, LLC*, 2021 WL 5770264, at *10 (D.N.J. Dec. 6, 2021) (finding knowledge of infringement because defendants "received cease-and-desist letters articulating the basis of [plaintiff's] infringement claims"); *Kyowa Hakka Bio, Co. v. Ajinomoto Co.*, 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018) (defendants "approached Plaintiffs about obtaining a license" to the asserted patent); *L'Oreal*, 2018 WL 5919745, at *9 (defendant contacted patents-in-suit's co-inventor to discuss patents-in-suit and obtain license).

decision itself.  *Malvern Panalytical Ltd. v. TA Instruments-Waters LLC*, 2021 WL 3856145, at

*2–3 (D. Del. Aug. 27, 2021) (including "highly specific allegations" of monitoring supported by

"numerous documents attached to the [complaint]").   The weight of caselaw supports the

conclusion that WinView failed to plausibly plead that DraftKings had knowledge of infringement

of any of the Asserted Patents.  *See, e.g.*, *CG Tech. Dev., LLC v. William Hill U.S. Holdco, Inc.*,

404 F. Supp. 3d 842, 852 (D. Del. 2019) (dismissing willful infringement claim despite allegation

that defendant had years-long relationship with plaintiff and presumably knew all patents asserted).

Finally, WinView argues in the alternative that the prior complaints should provide a basis

for a claim of post-suit willfulness.  Opp'n at 28.   But WinView cites no binding authority

permitting this, and does not dispute that numerous courts have held that that prior complaints

***cannot*** serve as a basis for post-suit willfulness.  *See* Br. at 20.  Nor can the SAC itself provide the

predicate for WinView's willfulness claim:   "the patentee must allege facts in its pleading

plausibly demonstrating that the accused infringer had committed subjective willful infringement

as of the date of the filing of the willful infringement claim."  *Express Mobile, Inc. v. DreamHost*

*LLC*, 2019 WL 2514418, at *2 (D. Del. June 18, 2019) (quoting *Välinge*, 2018 WL 2411218, at

*12).  WinView should not be permitted to force DraftKings to "cease all allegedly infringing

conduct once a complaint is filed in order to avoid a willful infringement claim."  *Slot Speaker*

*Techs., Inc. v. Apple, Inc.*, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017).[7]

---

[7] WinView suggests that this quandary (which has been observed by multiple courts) is
unimportant because it is the same that a party would face if it received a pre-suit notice letter.
Opp'n at 29-30.  Not so.  As courts in the Third Circuit have explained, "a pre-suit notice letter
could very well lead 'the patent holder and the asserted infringer [to] exchange information, and
the asserted infringer might then take a license, or the patent holder might learn of reasons why
suit should not be filed.'"  *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 251
(D. Del. 2021) (dismissing post-suit willfulness claims) (quoting *Callwave Commc'ns LLC v. AT
& T Mobility LLC*, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014)).  In any event, WinView
never sent a pre-suit notice letter, so the hypothetical is academic.

### V.       WinView Fails To Allege Induced Infringement

WinView also fails to plead facts plausibly showing that DraftKings has induced infringement of the Patents-In-Suit.  As an initial matter, WinView fails to plead knowledge of infringement as to all four Patents-In-Suit, and fails to even plead knowledge of the '543 and '988 patents.  *See* supra § IV.  This alone is dispositive of WinView's induced infringement claims.  *See, e.g.*, *Intell. Pixels*, 2020 WL 7872961, at *3; *Evolved Wireless, LLC v. Samsung Elecs. Co.*, 2016 WL 1019667, at *6 (D. Del. Mar. 15, 2016), *report and recommendation adopted*, 2016 WL 1381765 (D. Del. Apr. 6, 2016).

WinView also fails to plausibly allege that DraftKings possessed "specific intent" to induce infringement.  As DraftKings explained (Br. at 21-23), the SAC's generic references to download links, user instructions, and a single news article regarding "Flash Bets" during Wimbledon do not meet the "rigorous" standard for specific intent.  *Straight Path IP Grp., Inc. v. Vonage Holdings Corp.*, 2014 WL 3345618, at *2–3 (D.N.J. July 7, 2014) (allegation that defendants "instruct[ed] [customers] how to use the Accused Products" failed to plead specific intent).[8]

Perhaps recognizing the weaknesses in its induced infringement claims, WinView pivots to arguing that its induced infringement claims are sufficient because DraftKings "only allow[s] users to use the infringing products (DraftKings Sportsbook and Daily Fantasy) in an infringing manner."  Opp'n at 31.  But this assertion finds no support in the SAC.  While WinView cites several paragraphs and screenshots that describe the accused products' alleged functionality

---

[8] WinView's cases are distinguishable.  *Sabinsa Corp. v. Olive Lifesciences Pvt. Ltd.* involved a non-adversarial default judgment rather than a motion to dismiss.  2018 WL 11355086, at *1 (D.N.J. May 30, 2018).  And *Celanese Int'l v. Ahui Jinhe Indus. Co., Ltd.* pertained only to post-suit conduct after defendant had received plaintiff's complaint.  *See* Report & Recommendation, C.A. No. 20-cv-01775, D.I. 81 at 13–14 (D. Del. Dec. 10, 2021).

(Opp'n at 32-33), nothing it cites says that use of the accused products will always infringe.[9]

Finally, WinView claims that its *post*-suit induced infringement allegations should survive even if its *pre*-suit induced infringement claims are dismissed.  Opp'n at 35.  But WinView cites no binding authority in support, and ignores multiple cases within the Third Circuit refusing to allow post-suit willfulness based on a previously-filed complaint.  *See, e.g.*, *ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 252 (D. Del. 2021); *ID Image Sensing LLC v. OmniVision Techs., Inc.*, 2020 WL 6888270, at *7 (D. Del. Nov. 24, 2020), *report & recommendation adopted*, 2021 WL 602438 (D. Del. Feb. 16, 2021); *Dynamic Data Techs., LLC v. Amlogic Holdings Ltd.*, 2020 WL 4365809, at *2 (D. Del. July 30, 2020).[10]  This court should follow those courts holding that "[t]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim."  *VLSI Tech. LLC v. Intel Corp.*, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) (dismissing post-suit induced infringement claim).

## VI.    WinView's Contributory Infringement Claims Fail

WinView fails to plead facts plausibly showing that DraftKings has contributorily infringed the Patents-In-Suit.  As with willful and induced infringement, "contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement."  *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015).  Since WinView has not stated a claim for willful infringement (*see supra* § IV), *a fortiori* WinView has not stated a claim for

---

[9] Indeed, the SAC's allegations actually contradict this claim:  while WinView accuses the "Bulk Entry" option in DFS of infringing the '988 patent (*see* SAC ¶¶ 66, 135; Opp'n at 33), one of the screenshots it provides (SAC at 56) shows that users can enter drafts **without** using the "Bulk Entry" option.

[10] Courts in other districts have reached the same conclusion. *See, e.g.*, *Wi-Lan USA, Inc. v. Rsch. in Motion Ltd.*, 2013 WL 12092486, at *3–4 (S.D. Fla. June 7, 2013); *Select Retrieval, LLC v. Bulbs.com Inc.*, 2012 WL 6045942, at *5–6 (D. Mass. Dec. 4, 2012); *Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, 1268–69 (M.D. Fla. 2012); *Proxyconn Inc. v. Microsoft Corp.*, 2012 WL 1835680, at *7 (C.D. Cal. May 16, 2012).

contributory infringement.  *See, e.g.*, *Evolved Wireless*, 2016 WL 1019667, at \*6.

As DraftKings explained in its motion, WinView's claim also fails because the SAC merely parrots the legal standard without facts to support it.  Br. at 23-25.  In response, WinView insists that it has alleged sufficient facts "on a patent-by-patent basis."  Opp'n at 37-39.  But the paragraphs WinView invokes simply describe the accused products' alleged functionality.  They do not plead facts making it plausible that the accused products or any alleged components "constitut[e] a material part of the invention," or that DraftKings knew them to be "especially made or especially adapted for use in an infringement" and "not a staple article or commodity of commerce suitable for substantial noninfringing use."  35 U.S.C. § 271(c).

## VII.   DraftKings Is Entitled To Dismissal With Prejudice

Although WinView suggests that it filed the SAC based upon DraftKings' "invitation" to name as defendants the proper corporate entities (Opp'n at 2-4), the fact is that WinView has attempted to state a claim three times, most recently with the benefit of DraftKings' first motion to dismiss.  ECF No. 21.  In response to that motion, WinView added 20 new paragraphs of allegations, expanding its complaint by 12 full pages.  There is no reason to give WinView a *fourth* bite at the apple, and this Court should dismiss with prejudice.  *See, e.g.*, *Vicente v. DePuy Synthes Cos.*, 2021 WL 5150196, at \*10 (D.N.J. Nov. 5, 2021).

## CONCLUSION

DraftKings respectfully requests that the Court dismiss with prejudice WinView's direct infringement claims for the '730 and '543 patents, as well as its claims for willful, induced, and contributory infringement for all four Asserted Patents.

11

Dated:  January 31, 2021          By:   */s/ James E. Cecchi*
                                            James E. Cecchi, Esq.
                                            Lindsey H. Taylor, Esq.
                                            CARELLA, BYRNE, CECCHI, OLSTEIN, BRODY & AGNELLO, P.C.
5 Becker Farm Road
Roseland, NJ  07068
Tel:     (973) 994-1700
Fax:    (973) 994-1744
Email: jcecchi@carellabyrne.com

William F. Lee, Esq.
Joseph J. Mueller, Esq.
Richard Goldenberg, Esq.
Andrew S. Dulberg, Esq.
Stephanie Neely, Esq.
Zachary A. Nemtzow, Esq.
Lucas L. Fortier, Esq.
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, MA  02109
Tel:  (617) 526-6000
Fax:  (617) 526-5000

*Attorneys for Defendants*

12

## CERTIFICATE OF SERVICE

I hereby certify that on January 31, 2021, I served a copy of the foregoing document

through the CM/ECF system upon all counsel of record.


*/s/ James E. Cecchi*
James E. Cecchi

13