

**Sean R. Kelly**
**(973) 645-4801**
skelly@saiber.com

September 12, 2022

**BY CM/ECF**
Hon. Georgette Castner, U.S.D.J.
United States District Court
Clarkson S. Fisher Federal Building & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

    Re:    ***WinView Inc. v. FanDuel, Inc.***
             **Civil Action No. 21-13807-GC-DEA**

             ***WinView Inc. v. DraftKings, Inc. and Crown Gaming, Inc.***
             **Civil Action No. 21-13405- GC -DEA**

Dear Judge Castner:

    We, along with our co-counsel, ArentFox Schiff LLP, represent Defendant FanDuel, Inc. ("FanDuel") in the above matter.

    Pursuant to the Court's Order dated August 24, 2022 (D.I. 43) in this case ("FanDuel Case") and a similar Order (D.I. 42) in the related matter (Civil Action 3:21-cv-13405, "DraftKings Case"), Plaintiff WinView Inc. ("WinView"), Defendants DraftKings Inc. (a Nevada corporation), DraftKings Inc. (a Delaware corporation), and Crown Gaming Inc. (a Delaware corporation) (collectively, "DraftKings"), and FanDuel (together, "Parties") submit this Joint Status Report.

### A. PROCEDURAL BACKGROUND

    This is a patent infringement case. WinView has asserted four patents against both FanDuel and DraftKings: U.S. Patent Nos. 9,878,243 ("'243 patent"), 9,993,730 ("'730 patent"), 10,721,543 ("'543 patent"), and 10,806,988 ("'988 patent") (collectively, "Asserted Patents").

    Although WinView initiated the two cases in July 2021, both are still in their infancy. There is no scheduling order and no discovery has taken place in either case.

        a.   **The FanDuel Case**

    On October 4, 2021, FanDuel moved for partial dismissal of the complaint under Fed. R. Civ. P. 12(b)(6) relating to the '988 and '243 patents. *See* FanDuel Case, D.I. 25. FanDuel's motion seeks dismissal of the counts related to the '988 and '243 patents on the basis that these patents are

Saiber LLC • 18 Columbia Turnpike, Suite 200 • Florham Park, New Jersey • 07932-2266 • Tel 973.622.3333 • Fax 973.622.3349 • www.saiber.com

Florham Park • Newark • New York • Philadelphia

Honorable Georgette Castner, U.S.D.J.
September 12, 2022
Page 2

directed to unpatentable subject matter under 35 U.S.C. § 101. *Id*. WinView opposes. *Id.*, D.I. 28. The briefing on FanDuel's motion closed on January 24, 2022. *Id.*, D.I. 37.

### b. The DraftKings Case

On July 7, 2021, WinView filed its first complaint in the DraftKings case, asserting infringement of two patents against DraftKings Inc. (a Nevada corporation). Three weeks later, on July 28, 2021, WinView filed its first amended complaint, asserting infringement of all four Asserted Patents against the same defendant. DraftKings Inc. (a Nevada corporation) moved to dismiss on the basis that WinView had failed to adequately plead direct infringement as to the '543 and '730 patents, and failed to adequately plead willful, induced, or contributory infringement as to any of the Asserted Patents. In response, on November 15, 2021, WinView filed a Second Amended Complaint including the same claims but adding additional defendants and certain additional allegations. DraftKings moved to dismiss that complaint on December 15, 2021, renewing the arguments that it made in its previous motion to dismiss. That motion has been fully briefed since January 31, 2022.

### c. The *Inter Partes* Reviews

The *inter partes* review (IPR) is an expedited procedure for challenging a patent's validity before the Patent Trial and Appeal Board ("PTAB") at the Patent Office. 35 U.S.C. §§ 311-19. IPR proceedings "create a timely, cost-effective alternative to litigation," with a "more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs." 77 Fed. Reg. 48,680 (Aug. 14, 2012). A panel of three technically specialized administrative patent judges from the PTAB hear the IPR petitions.

On July 25, 2022 FanDuel filed IPR petitions challenging certain asserted claims of the '730 and '543 patents. *See* FanDuel Case, D.I. 41. On August 3, 2022, DraftKings filed an IPR petition challenging claims of the '243 patent. *See* DraftKings Case, D.I. 40. The IPR petitions challenge the validity of certain claims of the '730, '543, and '243 patents based on printed prior art publications.[1]

The PTAB institution decisions for both FanDuel and DraftKings' petitions are expected in early February 2023. Pursuant to 35 U.S.C. § 316(a)(11), the PTAB is required to issue a final determination in an IPR within 12 months of institution. Thus, if any IPR petitions are instituted, the final written decisions on the validity of the challenged claims will issue before February 2024.

In sum, three of the four Asserted Patents are subject to an IPR petition.

---

[1] The 35 U.S.C. § 101 validity grounds that is the basis of FanDuel's motion to dismiss cannot be raised in an IPR.

Honorable Georgette Castner, U.S.D.J.
September 12, 2022
Page 3

### B. FACTUAL BACKGROUND

The Asserted Patents generally relate to issues with methods and systems for real-time entertainment or competitions.[2] In particular, the '243 and '730 patents are entitled "Methodology for Equalizing Systemic Latencies in Television Reception in Connection with Games of Skill Played in Connection with Live Television Programming." The '543 patent is entitled "Method of and System for Managing Client Resources and Assets for Activities on Computing Devices." And the '988 patent is entitled "Method of and System for Conducting Multiple Contests of Skill with a Single Performance."

In the FanDuel case, WinView alleges that FanDuel's Sportsbook and Fantasy offerings and related mobile applications infringe one or more of the claims of each of the Asserted Patents. *See* FanDuel Case, D.I. 8 (First Amended Complaint), ¶ 1. FanDuel disagrees that there is any infringement and contends that the Asserted Patents are invalid.

In the DraftKings case, WinView alleges that DraftKings' Sportsbook and Daily Fantasy Sports offerings and related mobile applications infringe one of more of the claims of each of the Asserted Patents. *See* DraftKings Case, D.I. 26 (Second Amended Complaint), ¶ 1. DraftKings disagrees that there is any infringement and contends that the Asserted Patents are invalid.

### C. THE PENDING MOTIONS TO DISMISS SHOULD BE STAYED

The Parties jointly agree that the motions to dismiss and any discovery for both the FanDuel Case and the DraftKings Case should be stayed until the Patent Office resolves the validity of all the challenged patents. Thus, in the interest of judicial efficiency and economy, the Parties respectfully request that the Court hold in abeyance the pending motions until the final resolution of all IPR petitions through the final written decision. The Parties will provide an update to the Court in February regarding the PTAB's institution decisions.

We thank the Court for its consideration and assistance in this matter. If the Court has any questions, we would be pleased to respond at the Court's convenience.

> Respectfully submitted,
>
> s/ Sean R. Kelly
> Sean R. Kelly

cc:     Counsel of record (by CM/ECF)

---

[2] *See e.g.*, '243 patent, Abstract ("A method of and system for handling latency issues encountered in producing real-time entertainment such as games of skill synchronized with live or taped televised events"); '730, Abstract (same); '988 patent, Abstract ("A method and system for conducting multiple competitions of skill for a single performance"); '543 patent, Abstract ("A method of and system for enabling a distributed entertainment system over a computing device").